**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DARRELL C. YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:19-cv-00363** |
| | ) | |
| **EXETER FINANCE CORPORATION,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

For good cause shown, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 5) is **GRANTED**, and the Clerk is **DIRECTED** to file this case in forma pauperis.

Plaintiff has filed a pro se Complaint against defendant Exeter Finance Corporation ("Exeter") (Doc. No. 1.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint, or any claim asserted therein, if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In conducting this initial review of the complaint, the district court accepts a plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Under our system of notice pleading, a complaint need only provide "the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). *See also* Fed. R. Civ. P. 8(a) (requiring only "a short and plain statement of the claim" at the complaint stage). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that defendant Exeter is based in Irving, Dallas County, Texas. (Doc. No. 1, at 2.) Plaintiff lives in Lewisburg, Marshall County, Tennessee. Although he purports to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331, he seeks to bring suit based on breach of contract by Exeter, specifically breach of an agreement for the purchase of a vehicle. (Doc. No. 1, at 3, 4.) He seeks compensatory damages in the amount of $134,000. (*Id.* at 4.)

Despite invoking federal-question jurisdiction only, Plaintiff's claim for breach of contract arises under state law, not federal law. However, he also asserts that the amount in controversy exceeds $75,000 and that he and the Defendant are citizens of different states. The Court finds that the Complaint, liberally construed, states a colorable claim under Tennessee law against Exeter to which the Court's diversity jurisdiction extends, based on 28 U.S.C. § 1332.

Accordingly, the Clerk is directed to **ISSUE PROCESS** and to ensure service upon Exeter Finance Corporation, Inc. through its registered agent for service of process: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

This action is **REFERRED** to the magistrate judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply. The

Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE