IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARRELL C. YOUNG                    )
                                    )
        v.                          )        NO. 3:19-0363
                                    )
EXETER FINANCE CORP.                )

**TO:    Honorable William L. Campbell, Jr., District Judge**


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 23, 2019 (Docket Entry No. 6), this *pro se* civil action was referred to

the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b)

of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is Defendant's motion to compel arbitration and stay proceedings (Docket

Entry No. 16). Plaintiff opposes the motion. *See* Docket Entry No. 17. For the reasons set out below,

the undersigned respectfully recommends that the motion be granted.


## I.  BACKGROUND

Darrell C. Young ("Plaintiff") is a resident of Lewisburg, Tennessee. On February 2, 2018,

he purchased a truck from Newton Nissan South, an automobile dealership in Shelbyville, Tennessee.

In order to finance the purchase, he entered into a retail installment sales contract with the dealership

that was assigned to Exeter Finance Corp. ("Exeter" or "Defendant") at the time of the purchase. He

contends that the loan ("Loan 1") was transferred to Williston Auto later that month and that he made

his monthly loan payments for March, April, May, and June to Williston Auto. He alleges that he

entered into a new retail installment sales contract ("Loan 2") with Newton Nissan South on June 4, 2018, for the same truck, a contract that was assigned to Exeter the same day, and that he made his monthly loan payments to Exeter "up to November." However, he alleges that he did not receive credit for the four payments he made on Loan 1 and that Exeter wrongfully repossessed the truck in November 2018. Plaintiff alleges that the truck was necessary for his business and that he was financially harmed because of the wrongful repossession of the truck.

On May 1, 2019, Plaintiff filed this lawsuit *pro se* and *in forma pauperis* against Exeter, bringing a breach of contract claim and seeking compensatory damages in the amount of $134,000.00. Although he filed the lawsuit pursuant to federal question jurisdiction under 28 U.S.C. § 1331, the Court construed the complaint as asserting diversity jurisdiction under 28 U.S.C. § 1332 and directed that process issue to Defendant. *See* May 23, 2019, Order.

Defendant filed a timely answer (Docket Entry No. 13),[1] and thereafter filed the pending motion to compel arbitration and to stay this case. Defendant argues that the Court should stay this case and compel arbitration of Plaintiff's claim because the contracts at issue contain arbitration provisions that give either party the right to elect to submit to binding arbitration any claim or dispute arising out of or related to the loan agreements. *See* Motion (Docket Entry No. 16). Defendant argues that the breach of contract claim asserted by Plaintiff is within the scope of the arbitration provision and must be resolved through arbitration in light of Defendant's decision to elect arbitration. *Id.*

---

[1] In its answer, Defendant makes a general denial of the allegations against it and Plaintiff's allegation that he is entitled to damages. *See* Docket Entry No. 13 at 2, §§ 3 & 4. Defendant also raises 23 specific defenses, some of which appear to be standard defenses that were not tailored to the facts of this case. For example, Defendant asserts that Plaintiff's claim is barred by the bankruptcy case he filed, *id*. at 4, ¶ 13, and that punitive damages are not warranted. *Id*. at 5, ¶¶ 21 & 22. However, there is no showing that Plaintiff has filed a bankruptcy proceeding that is relevant to this case, and Plaintiff does not seek punitive damages in his complaint.

Plaintiff has filed a brief response in opposition to the motion. *See* Docket Entry No. 17. Plaintiff does not dispute that the loan agreements that he signed contain an arbitration provision. Instead, he argues that Loan 1 is "null and void" because it was sold to Williston Auto and that Loan 2 was breached because not all payments were applied to the loan account. *Id*. Plaintiff finally contends that he "doesn't feel an arbitrator would serve justice as much as this court would." *Id*.

## II. ANALYSIS

The question of whether the Plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*. (2011). The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where a litigant establishes the existence of a valid agreement to arbitrate the dispute at issue, the Court must grant the litigant's motion to compel arbitration and stay or dismiss proceedings until the completion of arbitration. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. §§ 3-4).

When asked to compel arbitration, a federal court must determine: (1) whether the parties agreed to arbitrate; (2) the scope of the arbitration agreement; (3) whether Congress intended the claims raised to be nonarbitrable; and, (4) if some claims are nonarbitrable, whether to stay the remainder of the proceedings pending arbitration. *See Stout v. J.D. Byrider*, 228 F.3d 709, 214 (6th Cir. 2000). However, this is a limited review. *See Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004); *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). There is a strong presumption in favor of arbitration under the FAA, *Morrison v. Circuit City Stores, Inc.*, 317

F.3d 646, 652-53 (6th Cir. 2003), and any doubts regarding arbitrability must be resolved in favor of arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

In the instant case, there is no question that the loan agreements contain a written arbitration provision that was agreed to by the parties. Indeed, the loan agreements are entitled "Retail Installment Sale Contract - Simple Finance Charge (With Arbitration Provision)" and contain a specifically identified "Arbitration Provision," which provides, in part:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*See* Exhibits 1 and 2 (Docket Entry Nos. 16-1 and 16-2) to Defendant's motion. Additionally, the loan agreements contain two signature lines, that were signed by Plaintiff, and which specifically state:

> **Agreement to Arbitrate**: By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

*Id. (emphasis in original)*, and

> You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.

*Id*.

The Court further finds that the broad scope of the arbitration agreement covers the breach of contract claim raised by Plaintiff. "In the Sixth Circuit, the test for determining whether a dispute

falls within the scope of a broad arbitration clause is if 'an action can be maintained without reference to the contract or relationship at issue, the action is likely outside the scope of the arbitration agreement – along with the presumption in favor of arbitrability and the intent of the parties.'" *Dillard v. Signature Healthcare Fentress County*, 2015 WL 5320544, at \*7 (M.D.Tenn. Sept. 11, 2015) (Sharpe, J.) (*quoting NCR Corp v. Korala Assocs., Ltd.*, 512 F.3d 807, 814 (6th Cir. 2008)). Issues pertaining to breach of the contract, the crediting of loan payments, and possession of the vehicle are all inherently matters that arise out of and pertain to loan agreements and obligations created on the parties by those agreements. Finally, Plaintiff does not raise a federal statutory claim that is not subject to arbitration.

The party opposing arbitration has the burden to prove that there is a genuine issue of material fact as to the validity of the agreement to arbitrate. *See Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). Plaintiff has not met his burden. His arguments against mandatory arbitration do not provide grounds upon which to deny the motion to compel arbitration. First, Plaintiff contend that the Court, not an arbitrator, would do a better job of providing "justice" on his claims. However, an arbitration agreement is not rendered unenforceable simply because it forecloses a party's ability to seek a court proceeding for his claim. *See Cooper v. MRM Inv. Co.*, 367 F.3d 493, 506 (6th Cir. 2004). Second, Plaintiff contends that the contracts are "null and void" because Loan 1 was assigned and/or sold to Williston Auto and because Loan 2 was breached by Defendant. Neither of these arguments raises a viable legal theory showing that the arbitration provision is unenforceable. Generally, contractual rights can be assigned, *Petry v. Cosmopolitan Spa Int'l, Inc.*, 641 S.W.2d 202, 203 (Tenn.Ct.App. 1982), *overruled on other grounds by Copeland v. Healthsouth/Methodist Rehab. Hosp., LP*, 565 S.W.3d 260 (Tenn. 2018), and the contracts at issue permitted assignment. Thus, the

assignment of Loan 1 to Williston Auto in no way voids or nullifies that contract. Finally, Plaintiff provides no support for his contention that his assertion of a breach of contract claim, itself voids or nullifies the arbitration provision of the underlying contracts at issue.

Accordingly, the Court finds that the Plaintiff is bound by the terms of the arbitration provision contained in the contracts. Any further pursuit of his claim must be through arbitration in compliance with the arbitration provision contained in the contracts.

Although Defendant requests that the proceedings in this case be stayed while arbitration occurs, the sole claim raised by Plaintiff is subject to arbitration and there do not appear to be any circumstances requiring a stay of this case pending resolution of arbitration proceedings. In such a situation, dismissal of the case without prejudice is appropriate. See *Ozormoor v. T–Mobile USA, Inc.*, 354 Fed.App'x. 972, 975 (6th Cir. 2009) (affirming the district court's order compelling arbitration and dismissing the complaint when all claims were referred to arbitration); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (dismissal of action in lieu of stay is proper); *Wilson v. Wells Fargo Fin. Acceptance, Inc.*, 2003 WL 1877336 (M.D. Tenn. Apr. 9, 2003) (Campbell, J.) (dismissal without prejudice in lieu of a stay).


## RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that Defendant's motion to compel arbitration (Docket Entry No. 16) be GRANTED as to the request to compel arbitration, but that this action be DISMISSED WITHOUT PREJUDICE in lieu of a stay of proceedings in the case.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge